IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**WILLIAM GARNER**                                                                              **PETITIONER**
Reg. # 94170-509

VS.                       No.  2:24-cv-00209-BSM-ERE

**CRAIG STALHOOD, Acting Warden,**
**FCI-Forrest City**                                                                              **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge Brian S. Miller. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections should be specific, include their factual or legal basis, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Miller can adopt this RD without independently reviewing the record.

I.   **Background**

On November 15, 2024, Mr. Garner, an inmate at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC"),[1] filed the pending 28 U.S.C. § 2241 petition for a writ of habeas corpus. *Doc. 1*. Mr. Garner alleges that the Bureau of Prisons ("BOP") is erroneously labeling him a sex offender in its Public Safety

---

[1] On October 4, 2022, in the Northern District of Mississippi, Petitioner William Garner pleaded guilty to conspiracy to distribution of methamphetamine (actual). *United States v. Garner*, No. 3:22-cr-00027-SA-RP-2, *Doc. 51* (N.D. Miss.). On January 10, 2023, he was sentenced to 78 months in prison, followed by three years of supervised release. *Id*. at Docs. 81, 83.

1

Factor ("PSF") assessment, resulting in "a restriction on inmate email access . . . custody and classification restrictions," and disqualification from transferring to a camp. *Doc. 1 at 1-2, 6.* He asks that the Court "intervene and order the BOP to remove his [sex offender] branding." *Id. at 2.*

On February 3, 2025, Respondent filed a motion to dismiss, asserting that Mr. Garner's petition should be dismissed for lack of jurisdiction. *Doc. 9.*

On February 25, 2025, Mr. Garner responded to the motion, arguing that his "conditions-of-confinement claim . . . is cognizable under § 2241 . . . ." *Doc. 11.* He asserts that his "classification as a sex offender does implicate a protected liberty interest, and as such, some semblance of due process must be followed." *Id.*

For the reasons explained below, I recommend Respondent's motion to dismiss be granted because Mr. Garner's claim is not cognizable under § 2241.

## II.     Discussion

### A.     Federal Habeas Jurisdiction is Lacking

Habeas relief is not available when a prisoner "does not challenge his conviction . . . [or] seek a remedy that would result in an earlier release from prison." *Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014). "It is the substance of the relief sought which counts" in determining whether a prisoner is attacking the legality or duration of his custody. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996).

2

Mr. Garner seeks the removal of the PSF sex offender label. *Doc. 1 at 2, 6*. If Mr. Garner's requested relief were granted, it would potentially impact programs available to him while he is incarcerated and where he might serve the remainder of his sentence. However, it would not impact the duration of his confinement. As a result, Mr. Garner has not presented a cognizable § 2241 claim. See *Taylor v. Yates*, No. 2:21-CV-00112-BSM-JTR, 2023 WL 141576, at *2 (E.D. Ark. Jan. 9, 2023)[2] (holding that seeking and obtaining a more favorable PSF, which would affect where a sentence is served, is a "conditions of confinement claim that is not cognizable in a habeas action."); *Dotson v. Hendrix*, No. 4:19-CV-00828-JM-JTR, 2020 WL 1272279, at *2 (E.D. Ark. Feb. 12, 2020)[3] ("Sentence classification errors may impact a prisoner's conditions of his confinement (such as what programs he is eligible to participate in or where he is housed), but they do not affect the length, duration, or validity of a prisoner's sentence."); *Burris v. Beasley*, No. 2:18-CV-00009-JM-BD, 2018 WL 1464668, at *1 (E.D. Ark. Mar. 7, 2018) ("Where [prisoner] serves his sentence and his designation while serving it does not fall under § 2241's purview.").

---

[2] Report and recommendation adopted, No. 2:21-CV-00112-BSM-JTR, 2023 WL 2282218 (E.D. Ark. Feb. 28, 2023), appeal dismissed, No. 23-1479, 2023 WL 5934916 (8th Cir. May 8, 2023).

[3] Report and recommendation adopted, No. 4:19-CV-00828-JM-JTR, 2020 WL 1285503 (E.D. Ark. Mar. 16, 2020), aff'd, No. 20-1781, 2020 WL 6039154 (8th Cir. Aug. 14, 2020).

**B.    No Potentially Viable Conditions-of-Confinement Claim**

The Eighth Circuit has held that a *pro se* habeas petitioner raising a "potentially viable" conditions-of-confinement claim should receive an opportunity to pursue that claim if he so chooses. *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014). However, Mr. Garner fails to raise a potentially viable conditions-of-confinement claim. As a result, it is unnecessary to offer Mr. Garner the opportunity to convert his habeas petition to a complaint challenging his conditions of confinement.

First, prisoners have no protected liberty interest in a PSF classification or an assignment to a particular place of confinement. See *Vaughan v. Hendrix*, No. 2:19-CV-00046-DPM-JTR, 2019 WL 4412290, at *2 (E.D. Ark. Aug. 20, 2019)[4] (holding that a "challenge to . . . PSF designation does not constitute a potentially viable due process claim"); *Cobb v. Hendrix*, No. 2:20-CV-00014-LPR-JJV, 2020 WL 5540051, at *2 (E.D. Ark. Feb. 19, 2020)[5] ("A prisoner possesses no liberty interest in a particular custody level or place of confinement."); *Burris v. Beasley*, 2018 WL 1464668, at *2 ("A PSF does not implicate a constitutionally protected liberty interest."); *Hodge v. Haynes*, No. 2:13-CV-00005-DPM-BD, 2013 WL 2287092, at

---

[4] Report and recommendation adopted as modified, No. 2:19-CV-00046-DPM-JTR, 2019 WL 4411960 (E.D. Ark. Sept. 13, 2019).

[5] Report and recommendation adopted, No. 2:20-CV-00014-LPR-JJV, 2020 WL 5513425 (E.D. Ark. Sept. 14, 2020), as amended (Sept. 15, 2020).

*4 (E.D. Ark. May 23, 2013) (holding that "prisoners generally do not have a due process liberty interest in their placement and classification while incarcerated").

Second, Mr. Garner does not allege that the BOP's PSF sex offender label was for invidious or retaliatory reasons that might, arguably, support a constitutional violation.

Because Mr. Garner fails to raise a potentially viable conditions-of-confinement claim, if this case were converted to one seeking relief for unlawful conditions of confinement, it would be dismissed at screening. *See* 28 U.S.C. § 1915A (requiring (1) screening of a civil complaint where "a prisoner seeks redress from a governmental entity or officer" and (2) dismissal of any portion of a complaint that is frivolous, malicious, or fails to state a claim on which relief can be granted).

### III.  Conclusion

IT IS THEREFORE RECOMMENDED that Respondent's Motion to Dismiss (*Doc. 9*) be granted and Petitioner William Garner's petition for writ of habeas corpus (*Doc. 1*) be dismissed, without prejudice, for lack of subject matter jurisdiction.

Dated 28 February 2025.

_____
UNITED STATES MAGISTRATE JUDGE